**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Central Laborers Pension Fund et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 14-cv-3307** |
| | ) | |
| **v.** | ) | **Jeffrey T. Gilbert** |
| | ) | **Magistrate Judge** |
| **Aces Environmental Consulting Corp. et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

Plaintiffs' Motion to Compel Discovery [78] is denied without prejudice. Plaintiffs' Motion is silent about what particular documents or categories of information Plaintiffs have requested from Defendants that Defendants have not yet produced. In particular, Plaintiffs do not say what they have requested from Defendants by way of written discovery and what has not been produced by which Defendant(s). Plaintiffs do not say why they need the information they still are seeking. They do not say how they will be prejudiced if they do not receive it. They do not say whether it is likely that such information exists. Plaintiffs' bald statement that "Mr. Coyne stated under oath that he had not reviewed all available records and documents in response to Plaintiffs' discovery requests" is insufficient to justify the relief Plaintiffs seek. Motion [ECF No. 78] at 2. On this record, Plaintiffs' request for a default judgment against all Defendants or an order preventing Defendants from defending the case or introducing evidence to controvert Plaintiffs' claims simply is unjustified and unwarranted.

Plaintiffs' request for an extension of the fact discovery deadline also is denied without prejudice. Among other things, Plaintiffs do not say how much additional time they are requesting or what they need to do to complete discovery other than to finish the depositions of Daniel and Bonnie Coyne.

Accordingly, for these reasons, Plaintiffs' Motion to Compel Discovery [78] is denied without prejudice and the hearing noticed on that Motion for November 22, 2016 is stricken with no appearances necessary. In addition, the status hearing scheduled for November 22, 2016, is stricken and rescheduled for December 14, 2016, at 9:45 a.m. If Plaintiffs want to refile an appropriate motion that addresses the matters discussed in this Order before that date, they should do so.

Before any such motion is filed, however, Plaintiffs' counsel must comply with Local Rule 37.2. The Court notes that the Exhibits attached to Plaintiffs' Motion to Compel Discovery [78] do not evidence compliance with the letter or spirit of the Local Rule. Among other things, Plaintiffs' counsel apparently sent Defendants' counsel a letter on November 9, 2016, asking to meet about certain of the matters raised in Plaintiffs' Motion and then filed the Motion on November 10, 2016. There is no indication of any face to face communication about the matters raised in the Motion or any real-time communication at all between counsel in an attempt to resolve the dispute. This deficiency alone would be grounds to deny Plaintiffs' Motion.

It is so ordered.

Dated: November 21, 2016

Jeffrey T. Gilbert
United States Magistrate Judge